# PALM BEACH NEWSPAPERS, et al. v. TERLIZZESE, et al.

## Case No. 84-2406 CA(L)K

Fifteenth Judicial Circuit, Palm Beach County

May 24, 1984

### APPEARANCES OF COUNSEL

**L. Martin Reeder** and **Thomas R. Julin, Steel Hector and Davis,** for plaintiffs.

**Ann Vitunae, John Randolph** for defendants.

### OPINION OF THE COURT

R. WILLIAM RUTTER, JR., Circuit Judge.

THIS CAUSE came before the Court on the Plaintiffs' Motion for

an Order Compelling the Defendants to make the autopsy report of David Anthony Kennedy available for public inspection and copying.

In previous orders rendered in this case, the Court has refused to direct the Defendants to release the autopsy report because of its direct relationship to a pending criminal investigation and the government's compelling interest in protecting the confidentiality of that investigation. The motion now before the Court asserts, however, that circumstances have changed since those orders were rendered and that the report may now be made available to the public without jeopardizing the Defendants' investigation. Specifically, Plaintiffs argue that the Defendant State Attorney's public announcement of the cause and time of David Kennedy's death as determined by the medical examiner, the arrest of two persons on charges of conspiracy to sell cocaine and sale of cocaine, and certain other public statements about the investigation made by the Defendants, demonstrate that there is no longer any need to withhold the medical examiner's autopsy report.

On May 23, 1984, the Court held an in camera hearing (with a court reporter present) to reexamine the autopsy report in light of the recent developments and to hear the Defendants' arguments why the autopsy report should continue to be withheld. The hearing was then opened to the public and further argument was heard by the Court from all parties.

Based on its reexamination of the autopsy report, the developments in the Kennedy investigation which have taken place since the Court's previous order, and the arguments of counsel, the Court finds that the public release of the autopsy report no longer poses a threat to the Defendants' continuing investigation. Absent such a threat, there is no "compelling" reason to continue to withhold the autopsy report—a public record—from the public.

Defendants argue that the autopsy report may be withheld from the public on the basis of Chapter 61-2640, Section 5, Laws of Florida 1961. This statute is a special act of the Legislature which established the office of the Palm Beach County Medical Examiner. It provides that "the records, files and information prepared by the medical examiner under the provisions of this act shall be confidential and privileged unless released under and by the direction of the county solicitor or the state attorney."

The Court is in agreement with the Defendants to the extent they suggest that Chapter 61-2640, if still in effect, would constitute an exception to the disclosure requirements of the Public Records Law. However, the Court finds that Chapter 61-2640 has been expressly or

impliedly repealed by the Legislature's enactment in 1970 of the "Medical Examiner's Act," Chapter 406, Florida Statutes (1983). This act establishes a uniform statewide system for governing the activities of medical examiners. Section 406.17 provides:

(1) This chapter supersedes all parts of statutes, general law, and special acts, with which it may be in conflict.

. . . . . . . . . . .

(2) All special or local laws providing for the office of medical examiner or in conflict with this chapter are hereby repealed.

The Court interprets this section to expressly repeal Chapter 61-2640. The Court also finds that Chapter 406 was intended to replace the various special acts which governed county medical examiners prior to its passage and that Chapter 61-2640 has been impliedly repealed by the enactment of Chapter 406. In reaching this determination, the Court has considered Florida Attorney General Opinion 078-23 (February 21, 1978), but rejects that nonbinding opinion as unpersuasive.

Even if the Defendants were correct in their argument that Chapter 61-2640 is an exception to the Public Records Law (Chapter 119, Florida Statutes), that would not change the Court's decision to order the release of the autopsy report because the Defendants still would be unable to demonstrate a compelling reason for withholding the report. The Defendants may not withhold from the public those portions of the autopsy report which already have been publicly disclosed by way of statements to the press or other public statements. *Satz v. Blankenship,* 407 So.2d 396 (Fla. 4th DCA 1981).

Accordingly, it is

ORDERED AND ADJUDGED that the Defendants shall make available to the public for inspection and copying the medical examiner's autopsy report concerning the death of David Anthony Kennedy no later than 5:00 p.m. on Thursday, May 24, 1984. To avoid confusion by those seeking copies of the report which may be caused by the fact that there are three separate Defendants in this case, the Court directs that the State Attorney shall be designated responsible for releasing the autopsy report at or before the appointed time.